JOSEPH E. UIHLEIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51234. Promulgated December 21, 1934.

*Ward Loveless, Esq.,* for the petitioner.
*Paul C. Waring, Esq.,* for the respondent.

OPINION.

McMAHON: On April 17, 1934, the Board promulgated its findings of fact and opinion in the above entitled proceeding, which are reported at 30 B. T. A. 399. In a petition for review, by the United States Circuit Court of Appeals for the Seventh Circuit, and assignments of error, filed with the Board on August 20, 1934, the respondent assigned the following errors:

(1) In holding that where a husband and wife living together file a single joint return, a loss sustained by the husband from the sale of stock to his wife may be taken as a deduction in their joint income tax return.

(2) In failing to hold that where a husband and wife living together file a single joint return, a loss sustained by the husband from the sale of stock to his wife may not be taken as a deduction in their joint income tax return.

In his praecipe filed November 6, 1934, the respondent requests the clerk of this Board to include in the record to be transmitted to the clerk of the Circuit Court of Appeals for the Seventh Circuit, among other things, a " Statement of the evidence as settled and allowed." On November 6, 1934, the respondent filed notice of lodgment of statement of evidence and his proposed statement of evidence.

On November 12, 1934, the petitioner filed an objection to respondent's proposed statement of evidence upon the ground that, since no error is assigned by the respondent in the admission or re-

jection of evidence, or on the ground that a finding of the Board is unsupported by any evidence, he is not entitled, under Rule 32 of the Circuit Court of Appeals for the Seventh Circuit, to have any statement of evidence included in the record to be transmitted to the clerk of the appellate court.

At the hearing had November 21, 1934, for the purpose of settling the record for appeal, counsel for petitioner stated in substance that if respondent is entitled to have any statement of evidence included in the record to be certified to the appellate court, the proposed statement of evidence filed by the respondent meets with his approval, but he objected to the inclusion of any statement of evidence in such record under Rule 32 of the Circuit Court of Appeals for the Seventh Circuit, on the ground that respondent, in his petition for review, has assigned no error in the admission or rejection of evidence or on the ground that a finding of the Board is unsupported by any evidence. At such hearing counsel for respondent stated, in substance, that the assignments of error in respondent's petition for review raised a " pure question of law "; that the proposed statement of evidence stated in narrative form exactly what took place at the trial without raising any question as to the correctness of the findings made by the Board or as to its failure to find any fact or as to the admission or exclusion of evidence.

Rule 32 of the rules of the United States Circuit Court of Appeals for the Seventh Circuit provides in part as follows:

II. If error is assigned in the admission or rejection of evidence, or on the ground that a finding of the Board is unsupported by any evidence, a statement of the evidence submitted to the Board shall be prepared by the petitioner. Such statement shall contain in narrative form the evidence material to the assignments of error, and shall be prepared by the parties and settled by a Member of the Board in accordance with the general equity rules promulgated by the Supreme Court of the United States.

Equity Rule 75 promulgated by the Supreme Court of the United States provides in part as follows:

In case of appeal:

\* \* \* \* \* \* \*

(c) If any differences arise between the parties concerning directions as to *the general contents of the record* to be prepared on the appeal, such difference shall be submitted to the court or judge in conformity with the provisions of paragraph b of this rule, and *shall be covered by the directions which the court or judge may give on the subject.* [Emphasis supplied.]

Section IV of Rule 32 of the Circuit Court of Appeals for the Seventh Circuit provides that the clerk of the Board of Tax Appeals shall transmit and deliver to the clerk of the Circuit Court copies duly certified as correct of documents, among others, as follows:

3. Findings of fact, opinion, and decision of the Board.

\* \* \* \* \* \* \*

934

5. The statement of evidence, *if any*, as settled or agreed upon. * * *
[Emphasis supplied.]

Under these rules a statement of evidence is to be included in the record only " if error is assigned in the admission or rejection of evidence, or on the ground that a finding of the Board is unsupported by any evidence."

In *Lucas* v. *Mercantile Trust Co.*, 43 Fed. (2d) 39, a motion was presented to the Circuit Court of Appeals for the Eighth Circuit to dismiss the petition for review on the ground, among others, of failure of appellants' praecipe to contemplate or call for the transmission of any statement of evidence. Paragraph 2 of Rule 36 of the rules of the United States Circuit Court of Appeals for the Eighth Circuit is the same as section II of Rule 32 of the Circuit Court of Appeals for the Seventh Circuit. In its opinion the court stated:

█ No question is raised here as to lack of substantial evidence to support the findings of fact by the Board of Tax Appeals. They are accepted by both parties. Nor is any error claimed in the rejection or admission of evidence. The only questions here relate to the construction of a will. Hence we think it would be superfluous to file a statement of the evidence. The rules of practice of this court do not require the doing of useless things. * * *

Under section IV of Rule 32 the transmission of the findings of fact is compulsory. The transmission of the findings of fact is also requested in respondent's praecipe. The findings of fact will be included in the record. Both parties are satisfied with such findings of fact; and, as heretofore stated, no error has been assigned in respondent's petition for review in the admission or rejection of evidence, or on the ground that a finding of the Board is unsupported by any evidence. The proposed statement of the evidence is merely an elaborate statement of all the evidence upon which the findings of fact are based and to this extent is an unnecessary duplication. We are not at liberty to encumber the record for the court with unnecessary documents or duplications thereof. See *Fiorite* v. *Clyde Equipment Co.*, 2 Fed. (2d) 807, and *Stephenson* v. *National Bank of Winter Haven*, 39 Fed. (2d) 16.

The fact that the proposed statement of evidence prepared by the respondent meets with the approval of the petitioner under the circumstances herein is not sufficient reason to encumber the record with an immaterial duplication and to burden the court with a record more voluminous than necessary. Furthermore, the parties can not, by agreeing to the transmission of documents, transgress the rules of the court. It is the duty of the parties to abide by such rules and it is the duty of this Board, whenever occasion arises, to see to it that the rules are not violated. It is not within the province of the Board to enlarge or extend such rules to meet the wishes of the parties.

The petitioner's objections to the respondent's statement of evidence are, therefore, sustained and the clerk of the Board is directed to omit any statement of evidence in the record to be transmitted by him to the United States Circuit Court of Appeals for the Seventh Circuit.

Reviewed by the Board.